UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTA CIANFRANI,

     Plaintiff,

v.                                                    Case No.:  2:20-cv-24-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

     Plaintiff Krista Cianfrani filed a Complaint on January 13, 2020.  (Doc. 1).

Plaintiff seeks judicial review of the final decision of the Commissioner of the Social

Security Administration ("SSA") denying her claim for a period of disability and

disability insurance benefits.  The Commissioner filed the transcript of the

administrative proceedings (hereinafter referred to as "Tr." followed by the

appropriate page number), and the parties filed a joint memorandum detailing their

respective positions.  (Doc. 23).  For the reasons set forth herein, the decision of the

Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42

U.S.C. § 405(g).

## I.  Social Security Act Eligibility

     The law defines disability as the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment that can be

expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 – 404.1511, 416.905 – 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.      Procedural History

Plaintiff filed a claim for a period of disability and disability insurance benefits on April 17, 2017.  (Tr. at 10).[1]  Plaintiff alleged a disability onset date of March 5, 2012.  (*Id.*).  Plaintiff's claim was denied at the initial level on May 1, 2017, and upon reconsideration on July 20, 2017.  (*Id.*).  Plaintiff requested an administrative hearing, held on June 19, 2018, before Administrative Law Judge ("ALJ") Ryan Johannes.  (*Id.* at 32-61).  The ALJ issued an unfavorable decision on January 10, 2019.  (*Id.* at 10-25).  On November 15, 2019, the Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-3).  Plaintiff then filed her Complaint with this Court on January 13, 2020, and the parties consented to proceed before a United States Magistrate Judge for all purposes.  (Docs. 15, 17).  The matter is, therefore, ripe.

---

[1]  The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017).  The new regulations apply in Plaintiff's case because Plaintiff filed her claim after March 27, 2017.

III.      **Summary of the Administrative Law Judge's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017.  (Tr. at 12).  At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity during the period from her alleged onset date of March 5, 2012 through her date last insured December 31, 2017 (20 CFR 404.1571 *et seq.*)."  (*Id.*).  At step two, the ALJ found that, through the date last insured, Plaintiff has the following severe impairments:  "asthma, subjective complaints of hand weakness, bipolar II disorder, attention deficit hyperactivity disorder (ADHD), unspecified anxiety disorder, posttraumatic stress disorder, and borderline personality disorder (20 CFR 404.1520(c))."  (*Id.* at 13).  At step three, the ALJ determined that Plaintiff "did not have an impairment or combination of

impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526)."  (*Id.* at 22).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> [T]o perform a full range of work at all exertional levels with the following nonexertional limitations:  She can perform frequent handling and fingering.  She must avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation.  She can understand, remember, and complete simple work tasks (simple decisions).  The claimant can have no interaction with the public but occasional interaction with coworkers and supervisors.  She can perform work in a routine work setting with occasional changes in work routine.

(*Id.* at 15).  The ALJ also determined Plaintiff "could not perform any past relevant work (20 CFR 404.1565)."  (*Id.* at 22).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there were jobs that existed in significant numbers in the national economy that the claimant could have performed.  (20 CFR 404.1569, 404.1569(a) [sic])."  (*Id.* at 23).  The ALJ, relying on Vocational Expert ("VE") testimony, found that Plaintiff could perform the following jobs that exist in significant numbers in the national economy:  Marker (DOT# 209.587-034); Sandwich Maker (DOT# 317.664-010); and Router (DOT# 222.587-038).  (*Id.* at 24).  For these reasons, the ALJ held that Plaintiff "was not under a disability, as

defined in the Social Security Act, at any time from March 5, 2012, the alleged onset date, through December 31, 2017, the date last insured (20 CFR 404.1520(g)).” (*Id.*).

## IV.     Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*,

979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## V.     Analysis

On appeal, Plaintiff raises one issue.  As stated by the parties, the issue is "whether the Administrative Law Judge Decision Properly Addressed All of the Medical Evidence."  (Doc. 23 at 7).

Specifically, Plaintiff objects to the ALJ's failure to mention Dr. Brent Lovett's progress notes from February 23, 2016, through February 14, 2017.  (*Id.* at 8). Additionally, Plaintiff argues that the ALJ should have addressed Dr. Lovett's opinion that states "[Plaintiff] does have difficulty functioning on a daily basis and in my opinion cannot work on a full-time or even part-time basis . . . [h]er mood and coping skills would prevent her from keeping regular employment."  (*Id.* (quoting Tr. at 422)).  Finally, Plaintiff contends that, while the ALJ "does not have to cite every single piece of medical evidence in the record, he cannot generally state that he reviewed all of the medical records and only cite the evidence which supports an unfavorable decision."  (*Id.* at 9).  She supports this argument by citing to medical records from Dr. Monica Robles that allegedly show how the "severity of [Plaintiff's] symptoms [fluctuate]."  (*Id.* at 8-9 (citing Tr. at 691, 694, 703)).

In response, the Commissioner asserts that Dr. Lovett's statement that Plaintiff could not work is "not a medical opinion within the meaning of the newly-applicable regulations and Plaintiff has failed to show that the ALJ did not properly assess the evidence."  (*Id.* (citing Tr. at 422)).  The Commissioner also argues that the

ALJ was not required to cite every piece of evidence in the record, especially when Dr. Lovett's treatment notes were "largely duplicative of prior treatment notes that the ALJ summarized." (*Id.* (citing Tr. at 17)).  Moreover, the Commissioner claims that the ALJ considered all of the evidence of record in assessing Plaintiff's RFC and properly concluded that Plaintiff did not have any mental limitations beyond those imposed in the RFC finding.  (*Id.* at 9-10 (citing Tr. at 14-22)).

In March 2017, the SSA implemented new regulations regarding the evaluation of medical evidence for claims, like Plaintiff's, filed on or after March 27, 2017.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  Under these new regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [a claimant's] medical sources."  20 C.F.R. § 404.1520c(a).

Under the new regulations, an ALJ does not have to articulate how he "considered each medical opinion or prior administrative medical finding from one medical source individually."  20 C.F.R. § 404.1520c(b)(1).  "Other than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness."  *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sep. 26, 2019) (internal citation omitted). Furthermore, "nothing in the relevant regulations requires ALJs to apply an all-or-nothing approach when assessing a medical source's opinions." *Hand v. Comm'r of*

*Soc. Sec.*, 786 F. App'x 220, 225 (11th Cir. 2019).  Instead, the ALJ's RFC

determination must merely be supported by substantial evidence.  42 U.S.C. § 405(g).

Importantly, the "new regulations are not inconsistent with Eleventh Circuit

precedent holding that 'the ALJ may reject any medical opinion if the evidence

supports a contrary finding.'" *Freyhagen*, 2019 WL 4686800, at *2 (citing *Wainwright*

*v. Comm'r of Soc. Sec. Admin.*, No. 6-15638, 2007 WL 708971, at *2 (11th Cir. Mar. 9,

2007)).  Nevertheless, the ALJ "is required to consider the opinions of non-

examining state agency medical and psychological consultants because they are

highly qualified physicians and psychologists, who are also experts in Social Security

disability evaluation." *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. 2008); *see*

*also* SSR 96-6p.

The Eleventh Circuit has held "the task of determining a claimant's [RFC]

and ability to work is within the province of the ALJ, not of doctors." *Robinson v.*

*Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010).  Moreover, "there is no rigid

requirement that the ALJ specifically refer to every piece of evidence in his decision,

so long as the ALJ's decision enables the district court to conclude that the ALJ

considered [the claimant's] medical condition as a whole." *Adams v. Comm'r of Soc.*

*Sec.*, 586 F. App'x 531, 533 (11th Cir. 2014) (quotations omitted) (quoting *Dyer v.*

*Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

The Court finds that, while the ALJ did not make specific findings for each

factor in 20 C.F.R. § 404.1520c(c)(1)-(5) and did not explicitly state that he reviewed

Dr. Lovett's treatment notes from February 23, 2016, through February 14, 2017, his

decision is based on the correct legal standards and is supported by substantial evidence in the record.

To begin, the Court agrees with the Commissioner that Dr. Lovett's finding on Plaintiff's ability to work on a part-time or full-time basis is not a "medical opinion" within the meaning of the regulations. *Duffy v. Comm'r of Soc. Sec.*, 736 F. App'x 834, 837 (11th Cir. 2018). In fact, 20 C.F.R. § 404.1520b(c) states that the ALJ is not required to provide any analysis about how he considered statements on a claimant's ability to work because such statements constitute evidence that is neither valuable nor persuasive. *See* 20 C.F.R. § 404.1520b(c)(3)(i). Thus, the ALJ was not required to place any value in Dr. Lovett's assertion that Plaintiff could not return to work. *Id.*; *see also Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("[T]he task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."). Accordingly, the Court is unpersuaded by Plaintiff's argument that the ALJ should have placed weight in Dr. Lovett's assertion that Plaintiff was unable to return to work.

The Court is similarly unpersuaded by Plaintiff's assertion that the ALJ erred by failing to explicitly summarize Dr. Lovett's treatment notes from February 23, 2016, through February 14, 2017. The ALJ specifically stated that he had considered the medical opinions and prior administrative findings in accordance with the requirements of 20 C.F.R. § 404.1520c. (Tr. at 15). Additionally, the ALJ's decision reflects consideration of supportability and consistency, the two most important factors in evaluating the persuasiveness of medical opinions. (*Id.* at 21); *see also*

*Freyhagen*, 2019 WL 4686800, at *2.  The ALJ also:  (1) summarized Dr. Lovett's findings from September 16, 2008, through September 15, 2015, (*id.* at 17); (2) stated that he had considered all of the evidence of record, (*id.*); and (3) stated that he "affords probative value to all physician notes/reports, which document impairments but not the level of severity that would render the claimant totally disabled," (*id.* at 21 (citing Tr. at 349-855)).  Moreover, as stated above, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision enables the district court to conclude that the ALJ considered [the claimant's] medical condition as a whole."  *Adams v. Comm'r of Soc. Sec.*, 586 F. App'x 531, 533 (11th Cir. 2014) (quotations omitted).  Here, upon reviewing the record, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record and the ALJ considered Plaintiff's medical condition as a whole.  (*See* Tr. at 15-22 (citing Tr. at 62-92, 377-94, 620-21, 688-713, 715-62, 848-55)); *see also Dyer*, 395 F.3d at 1211.

As for Plaintiff's citations to Dr. Monica Robles' medical records, (Tr. at 691, 694, 703), which Plaintiff uses to support her contention that the ALJ did not review the whole record, but "only cite[d] the evidence which support[ed] an unfavorable decision," (Doc. 23 at 8-9 (citing Tr. at 691, 694, 703)), the Court notes that the ALJ mentioned and assessed these medical records in his RFC determination, (*see* Tr. at 18 (citing 687-713)).  Moreover, the ALJ specifically gave Dr. Robles' opinion "little weight" because it conflicted with Plaintiff's past work history.  (*Id.* at 19)  Citations to portions of the record expressly considered by the ALJ do little to further

Plaintiff's argument that the ALJ failed to address all of the medical evidence in the record.  Moreover, the Court will not reweigh evidence assessed by the ALJ.  *See Dyer*, 395 F.3d at 1209.

**VI.**     **Conclusion**

Upon consideration of the parties' submissions and the administrative record, the Court finds that the ALJ sufficiently assessed the evidence of record and substantial evidence supports his decision and RFC assessment.  Accordingly, the Court **ORDERS** that:

1.     The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

2.     The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 16, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties